PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG 16 2022

CLERK, U.S. DISTRICT COURT
By_____
Deputy

## IN THE UNITED STATES DISTRICT COURT
### FOR THE __Northern__ DISTRICT OF TEXAS
### __Fort Worth__ DIVISION

__Allen "F" Calton__ # 1123880
Plaintiff's Name and ID Number   Connally Unit
899 FM 632
Kenedy, Tx. 78119   **4-22CV-710-P**

Place of Confinement

CASE NO._____
(Clerk will assign the number)

v.

__See Attached Pages__
Defendant's Name and Address

_____
Defendant's Name and Address

_____
Defendant's Name and Address
( DO NOT USE "ET AL.")

---

### INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

Section 1983 Complaint page 1 of 27

## Statement Of Jurisdiction

The U.S. District Court's Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1343 (a) (3) I.e, over all federal constitutional and statutory claims

## Statement Of Venue

The U.S. District Court, Northern District Of Texas, Fort Worth Division is the appropriate venue under 28 U.S.C. § 1391 (b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district

## Defendant Names and Addresses

(1) Sharen Wilson        — District Attorney of Tarrant
    401 w. Belknap St.        County, Texas

    Fort Worth, Tx. 76196        Sued In Individual and
                                official Capacity

(2) Amy Byrum        — Assistant District Attorney of
    401 w. Belknap St.        Tarrant County, Texas
    Fort Worth, Tx. 76196        Sued In Individual
                                and official Capacity

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1.  In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2.  If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3.  The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4.  If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I.  PREVIOUS LAWSUITS:

A.  Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ✓ YES ___ NO

B.  If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

1.  Approximate date of filing lawsuit: See attached pages

2.  Parties to previous lawsuit:

Plaintiff(s)_____

Defendant(s)_____

3.  Court: (If federal, name the district; if state, name the county.)_____

4.  Cause number:_____

5.  Name of judge to whom case was assigned: _____

6.  Disposition: (Was the case dismissed, appealed, still pending?) _____

7.  Approximate date of disposition:_____

# I   Previous Lawsuits

## Suit #1

(1) Approximate date of filing lawsuit: 10-11-12

(2) Parties to previous lawsuit
Plaintiff: Allen "F" Calton
Defendants: City of Garland, Garland P.D., Shupe, Clark, Barda, Puckett, Lt. K.R. Davis and Chief Wilson, John Doe I and John Doe II

(3) Court: U.S. District Court Northern District of Texas Dallas Division

(4) Docket Number: 3:02-CU-2215-N

(5) Name of Judge: David Godbey

(6) Disposition: Jury Trial found in a favorable defendant verdict that Plaintiff take nothing on or about 3-5-05

(7) Approximate date of disposition: 3-15-05

## Suit #2

(1) Approximate date of filing lawsuit: 10-11-02

(2) Parties to previous lawsuit:
Plaintiff: Allen "F" Calton
Defendants: Charlotte Ehlinger, Danny Shephard, Tracy Corson, Jerry Winberly, Lt. Christian, Matthew Loewen, M. Reagen, Lt. Johnson, Lt. West, Dee Anderson, Chief Knowles and Chief Simon

(3) Court: U.S. District Court Northern District of Texas Fort Worth Division

(4) Docket Number: Civil Action No. 4:02-CU-845-A

(5) Name of Judge: John McBryde

(6) Disposition: Case dismissed pursuant to 28 U.S.C. § 1915(b) on 4-16-03 for lack of subject matter jurisdiction

Section 1983 Complaint page 4 of 27

# I   Previous Lawsuits

(7) Approximate Date of Disposition: 4-16-03

## Suit #3

(1) Approximate date of Filing Lawsuit: 5-8-03

(2) Parties to previous lawsuit:
   Plaintiff: Allen "F" Calton
   Defendants: Dr. Fagan, Dr. Leewen, Dr. Weight and Dr. Waggoner, and J.P.S. Health Network in care of David Cecero

(3) Court: 348Th Judicial District Court, Tarrant County

(4) Docket Number: 348-198781-03

(5) Name of Judge: Dana Womack

(6) Disposition: Plaintiff Non-suited The Action

(7) Approximate date of disposition: 11-7-03

## Suit #4

(1) Approximate date of Filing Lawsuit: Fall 2005

(2) Parties To Previous Lawsuit:
   Plaintiff: Allen "F" Calton
   Defendants: Cole, Tewman, Williams, Johnson, Mitchell, Walls, Terry, Dallas County, McMillan, Porter, Sheriff Bowles and Sheriff Valdez

(3) Court: U.S. District Court Northern District of Texas Dallas Division

(4) Docket Number: Civil Action No. 4:05-CV-2022-N

(5) Name Of Judge: David Godbey

(6) Disposition: Dismissed in part for being Frivolous Pursuant to 28 U.S.C. § 1915 (A)(B)(1) and 42 U.S.C. § 1997 (e)(c)(1). Remaining Defendants Granted Summary Judgment

(7) 6-8-06 and 8-27-07 respectively
   Approximate Date of disposition:
   Section 1983 Complaint page 5 of 27

# I   Pevious Lawsuits

## Suit #5

(1) Approximate date of Filing Lawsuit : 11-4-05

(2) Parties To Previous Lawsuit :
   Plaintiff : Allen "F" Calton
   Defendants : Dr. Waggoner, Nurse Tucker, Jacqueline Curtis, ms Chadler, Jane Doe, Harrison, D. Derusha, J. Thomas, San Hober, Felder, Collier, Gracia, J. Evans, Don Taylor, Sgt. Clesner, D. Bailey, C. Garrett, Mr. Cole, C. Akonas, Gayle, Lt. Christian, John Doe, Tarrant County, J.P.S. Health Network, Sheriff Anderson, David Cevero, Chief Stromile Chief Simon, Gayle Gray

(3) Court : U.S. District Northern District of Texas Fort worth Division

(4) Docket Number : Civil Action No. 4:05-CU-103-Y

(5) Name of Judge : Terry mears

(6) Disposition : Dismissal of all official claims against defendat, arising from several incidents pursuant to 28 U.S.C § 1915 A and Alternatively §1915 (e)(2)(B) ; Additional individual claims dismissed as frivolous and were later dismissed for failure to administratively exhaust on 9-23-08 during Summary Judgment

(7) Approximate date of disposition : 9-23-08

## Suit #6

(1) Approximate date of Filing Lawsuit : 1-19-D6

(2) Parties To Previous Lawsuit :
   Plaintiff : Allen "F" Calton

(3) Court : U.S. District Court Southern District of Texas Houston Division

(4) Docket Number : Civil Action No. 4:06-CU-00209

(5) Name of Judge : Kenneth Hoyt

(6) Disposition : Case dismissed pursuant to 28 U.S.C. §1915(2)(B)

(7) Approximate Date of Disposition : 3-16-D6

# I  Previous Lawsuits

## Suit # 7

(1) Approximate date of filing lawsuit : 7-28-08

(2) Plaintiff: Allen "F" Catton
Defendants : S. Lehman, S. millhauser, Dr. Juhto, T.T.U.H. C.S. Pharmacy
Committee, Denise Deshields, Tasha James, Ranee Lenz, Stephanie Zapeda,
Bill Toney, Owen murray and Robert William

(3) Court : U.S. District Court Northern District of Texas

(4) Docket Number : Civil Action No. 5:08 -CV-152-B.G.

(5) Name of Judge : Nancy Koenig

(6) Disposition : Dismissed Pursuant to 28 U.S.C § 1915 (e)(2), 28 U.S.C.§ 1915 (A)
(b) and 42 U.S.C. § 1997 e (c)

(7) Approximate Date of Disposition : 6-1-09

## Suit #8

(1) Approximate Date of Filing Lawsuit : 5-1-09

(2) Parties To Previous Lawsuit :
Plaintiff : Allen "F" Catton
Defendants : Samuel Hallman, Richard Tolles, Beverly Lane, Lt. Krischke,
Sgt. Carnalito, Carole O'Bryant, Jamie Williams, Christine O'Connor,
Cynthia Lucy, M. Warren, Brad Livingston, UTMB, T.T.U.H. S.S.C.,
Denise Deshields, Owen murray, Linnette Lithicum, Warden Ginsel,
Teresa moya, Mr. Rowlette, Tasha

(3) Court : U.S. District Court Southern District of Texas -Houston Division

(4) Docket Number : Civil Action No. 4:09-CV-01340

(5) Name of Judge : Sam Lake

(6) Disposition : Dismissed Pursuant to 28 U.S.C. § 1915 (g)

(7) Approximate date of Disposition : 5-8-09

# I   Previous Lawsuits

## Suit #9

(1) Approximate Date of Filing Lawsuit : 8-3-09

(2) Parties To Previous Lawsuit :

Plaintiff : Allen "F" Calton

Defendants : Samuel Hallman, Richard Tolles, Beverly Love, Lt. Krischke, Sgt. Candito, Carole O' Bryant, Jamie williams, Christine O'Connor, Cynthia Luna, M. Warren, Brad Livingston, U.T.M.B., T.T.U.H.S.S.C, Denise Deshields, Owen Murray, Linnette Linthicum, Warden Ginsel, Teresa Moya, Mr. Rowlette, Tasha James

(3) Court : U.S. District Court Southern District of Texas - Houston Division

(4) Docket Number : Civil Action No: 09-cv-02507

(5) Name of Judge : Nancy Atlas

(6) Disposition : Defendants Granted Summary Judgment on 5-27-11

(7) Approximate Date of Disposition : 5-27-11

## Suit #10

(1) Approximate Date Of Filing Lawsuit : 2-24-12

(2) Parties To Previous Lawsuit :

Plaintiff : Allen "F" Calton

Defendants : Warden Motal, Capt. Hollman, Officer Zimmerman, Dr. Wright, Dr. Thompson, L. Randle, M. Stephenson, K. Stotts, Capt. Stephenson, A. Barker, J. Quick, L. Marshall, Sgt. Brown, Officer McCray, McCoy, Officer Cline, C. Shernicky Sgt. Ross, M. Morgan, K. January, C. Marshall, Ramirez, M. Charey, N. Bell, C. Harris, McClanahan, Crawford R. Criss, W. Warren, L. Quick, S. Belcher, K. Jennings, G. Wright, Billy Shelton, J. Boger, Capt. Jock, B. Raymond, Sgt. Culbay, D. Rhodes, P. Coleman, and Texas Board of Criminal Justice

(3) Court : U.S. District Court Eastern District of Texas - Tyler Division

(4) Docket Number : Civil Action No. 6:12-cv-89

## I  Previous Lawsuits

(5) Name Of Judge : Leonard Davis

(6) Disposition : dismissed with prejudice pursuant to 28 USC. §1915(g) on 3-12-12

(7) Approximate Date Of Disposition : 3-12-12

### Suit # 11

(1) Approximate Date of Filing Lawsuit : 5-22-12

(2) Parties To Previous Lawsuit :
Plaintiff : Allen "F" Calton
Defendants : Warden Nodal, Capt. Holman, Officer Zimmerman, Dr. Wright, Dr. Thompson, L. Randle, M. Stephenson, Capt. Stephenson, K. Stutts, A. Barker, J. Quick, L. Marshall, Sgt. Brown, Officer McCray, McCoy, Officer Cline, C. Sherrick, Sgt. Ross, M. Morgan, K. Janvay, C. Marshall, Ramirez, M. Chaney, N. Bell, P. Harris, Mc Clashen, Crawford, R. Criss, W. Warren, L. Quick, S. Belcher, R. Jennings, G. Wright, Billy Shelton, J. Boger, Capt. Jack, B. Raymond, Sgt. Cuba, D. Rhodes, P. Coleman, and Texas Board Of Criminal Justice

(3) Court : US District Court Eastern District of Texas - Tyler Division

(4) Docket Number : Civil Action No. 6512-CV-344

(5) Name Of Judge : Leonard Davis

(6) Disposition : Dismissed with prejudice pursuant to 28 USC. § 1915(g) as to the refiling of another informa pauperis lawsuit raising the same claims as herein presented, but without prejudice to the re-filing of the lawsuit without seeking in forma pauperis status and upon payment of the statutory 350.00 filing fee.

(7) Approximate Date Of Disposition : 8-1-12

### Suit # 12

(1) Approximate Date Of Filing Lawsuit : 3-22-13

(2) Parties To Previous Lawsuit

Section 1983 Complaint page 9 of 27

# I  Previous Lawsuits

Plaintiff: Allen "F" Calton

Defendants: Warden Motal, Capt. Holmen, Officer Zimmerman, Dr. Wright, Dr. Thompson, C. Randle, M. Stephenson, R. Stotts, Capt. Stephenson, A. Barker, J. Quick, L. Marshall, Sgt. Brown, Officer McCray, McCoy, Officer Cline, C. Sherrick, Sgt. Ross, M. Morgan, K. January, C. Marshall, Ramirez, M. Chaney, N. Bell, C. Harris, McClanahan, Crawford, R. Criss, W. Warren, S. Belcher, K. Jennings, G. Wright, Billy Shelton, J. Boger, Capt. Jock, B. Raymond, Sgt. Cuba, D. Rhodes, P. Coleman, Sgt. Iheanacho, Officer Williams and The Texas Board of Criminal Justice.

(3) Court: 349th Judicial District Court, Anderson County, Texas

(4) Docket Number: 349-7147

(5) Name of Judge: Pam Foster-Fletcher

(6) Disposition: Dismissed without prejudice pursuant to Chapter 14 Tex. Civ. Prac. Rem Code

(7) Approximate Date of Disposition: 7-3-13

## Suit #13

(1) Approximate Date of Filing Lawsuit: 3-17-14

(2) Parties To Previous Lawsuit:

Plaintiff: Allen "F" Calton

Defendants: Warden Motal, Capt. Holmen, Officer Zimmerman, Dr. Wright, Dr. Thompson, L. Randle, M. Stephenson, K. Stotts, Capt. Stephenson, A. Barker, J. Quick, L. Marshall, Sgt. Brown, Officer McCray, McCoy, Officer Cline, C. Sherrick, Sgt. Ross, M. Morgan, K. January, C. Marshall, Ramirez, M. Chaney, N. Bell, C. Harris, McClanahan, Crawford, R. Criss, W. Warren, S. Belcher, K. Jennings, G. Wright, Billy Shelton, J. Boger, Capt. Jock, B. Raymond, Sgt. Cuba, D. Rhodes, P. Coleman, Sgt. Iheanacho, Officer Williams, Jose Chapa and Texas Board of Criminal Justice

(3) Court: U.S. District Court Eastern District of Texas—Tyler Division

Section 1983 Complaint page 10 of 27

## I  Previous Lawsuits

(4) Docket Number : 6:14-cv-212

(5) Name Of Judge : Leonard Davis

(6) Disposition : It was recommended by magistrate Judge John Love that Calton's Application To Proceed in Forma Pauperis should be denied due to three prior strikes which was adopted by the district court.

(7) Approximate Date Of Disposition : May 2014

### Suit #14

(1) Approximate Date Of Filing Lawsuit : 3-20-14

(2) Parties : Allen "F" Calton - Plaintiff
Defendant : Lt. Lamorris Marshall

(3) Court : 3rd Judicial Court, Anderson County, Texas

(4) Docket Number : 3-42122

(5) Name Of Judge : Mark Calhoun

(6) Disposition : Dismissed without prejudice on 5-7-14 because the court found the claim to be frivolous or malicious. The court also found the claims frivolous under chapter 14.003 a1(b) and request is denied to proceed informa pauperis

(7) Approximate Date Of Disposition : 5-7-14

### Suite #15

(1) Approximate Date Of Of Filing Lawsuit : 5-1-14

(2) Parties : Allen "F" Calton - Plaintiff
Defendants : Warden Motal, Capt. Holman, Officer Zimmerman, Dr. Wright, Dr. Thompson, L. Randle, M. Stephenson, R. Stotts, Capt. Stephenson, A. Barker, J. Quick, L. Marshall, Sgt. Brown, Officer McCray,

Section 1983 Complaint  page 11 of 29

## I.  Previous Lawsuits

Mc Coy, Officer Cline, C. Sherrick, L. Marshall, Sgt. Brown, M. Morgan, K. January, C. Marshall, Sgt. Ross, Ramirez, M. Chaney, N. Bell, C. Harris, Mc Clanahan, Crawford, R. Criss, W. Warren, L. Quick, S. Belcher, K. Jennings, G. Wright, Billy Shelton, J. Boger, Capt. Jock, B. Raymond, Sgt. Cuba, D. Rhodes, P. Coleman, Sgt. Iheanacho, Officer Williams, Jose Chapa, David Hensley, David Langston, Pam Pace-Moore and The Texas Board of Criminal Justice.

(3) Court: U.S. District Court, Eastern District of Texas - Tyler Division

(4) Docket Number: 6:14-cv-407-KNM

(5) Name of Judge: Mitchell

(6) Disposition: Dismissed with Prejudice for Purposes of In Forma Pauperis Proceeding pursuant to 28 U.S.C. § 1915 (g)

(7) Approximate Date of Disposition: 6-4-14

## Suit #16

(1) Approximate Date of Filing Lawsuit: 6-2-14

(2) Parties
   Plaintiff: Allen "F" Calton
   Defendant: Lt. La Morris Marshall

(3) Court: 3rd Judicial District, Anderson County, Texas

(4) Docket Number: 3-42179

(5) Name of Judge: Mark Calhoun

(6) Disposition: Dismissed As Frivolous and/or Malicious

(7) Approximate Date of Disposition: July 2014

Section 1983 Complaint page 12 of 27

# I   Previous Lawsuits

## Suit #17

(1) Approximate Date of Filing Lawsuit : 10-21-14

(2) Parties :
   Plaintiff : Allen "F" Calton
   Defendant : Edgar Baker Jr.

(3) Court : U.S. District Court Eastern District of Texas-Tyler Division

(4) Docket Number : 6-14-cv-00822

(5) Name of Judge : Nicole Mitchell

(6) Disposition : Dismissed without Prejudice For Failure to Exhaust administrative remedies pursuant to 42 U.S.C. § 1997 (e)(a)

(7) Approximate Date of Disposition : November 2014

## Suit #18

(1) Approximate Date of Filing Lawsuit : 10-21-14

(2) Parties : Plaintiff   Allen "F" Calton
   Defendant : Edgar Baker Jr.

(3) Court : 87th - Judicial, Anderson County, Texas

(4) Name of Judge : Deborah Oakes

(5) Docket Number : 87-12151

(6) Disposition : Dismissed As Frivolous or malicious.

(7) Approximate Date of Disposition : November 2014

## Suit #19

(1) Approximate Date of Filing Lawsuit : 2-2-16

Section 1983 Complaint page 13 of 27

# I   Previous Lawsuits

(2)  Parties
Plaintiff : Allen "F" Calton
Defendants : Sgt. Kult, Officer Kwastent, Sgt. Hyatt, Christopher
Hollmon, G. Ekeke, A. Breaux, H. Durant, Sgt. Harmon, R. Hanks, Sgt. J.C. Jones,
M. Guillory , Ms. Matthews , J. Read, Captain Goodman.

(3)  Court : 58Th Judicial, Jefferson County, Texas

(4)  Docket Number : A-198064

(5)  Name of Judge : Kent Walston

(6)  Disposition : Dismissed Pursuant To Tex. Proc. Rem. Code § 11.056

(7)  Approximate Date of Disposition : 10-10-16

### Suit #20

(1)  Approximate Date of Filing Lawsuit : 10-13-16
(2)  Parties : Plaintiff : Allen "F" Calton
Defendant : Pinkie Patel, Dale Wainwright, Dr. Eckersley, Dr. Tucker
Owen Murray , Linnette Linthicum, John Doe I, John Doe II,
Robert Williams, Manual Hirsch, D.D.S., Cheryl Andrews, Warda.
Daigle, Carla Derouen and Texas Board Of Criminal Justice

(3) Court : U.S. District Court Eastern District Of Texas Beaumont Division

(4)  Name of Judge : Marcia Crone

(5)  Disposition : Dismissed without Prejudice Due to the $100.00
Sanction out of the U.S. District Court Northern District
of Texas

(6)  Docket Number : Civil Action No. 1:16-CW-429

(7)  Approximate Date of Disposition : 3-13-17

Section 1983 Complaint page 14 of 27

## I    Previous Lawsuits

### Suit # 21

(1) Approximate Date of Filing Lawsuit : July 2017

(2) Parties : Plaintiff : Allen "F" Calton
Defendant : Pinkee Patel, Dale Wainwright, Dr. Eckersley,
Dr. Tucker, Owen Murray, Linnette Lynthicum, John Doe I,
John Doe II, Robert Williams, Manual Hirsh, D.D.S.,
Cheryl Andrew, Wanda Daigle, Carla Deroun and The
Texas Board of Criminal Justice.

(3) Court : U.S. District Court Eastern District of Texas - Beaumont Division

(4) Name of Judge — Marcia Crone

(5) Disposition : Pending

(6) Docket Number : Civil Action No. 1:17-CV-00239

(7) Approximate Date of Disposition : Pending

### Suit # 22

(1) Approximate Date of Filing Lawsuit : 9-23-21

(2) Parties : Plaintiff : Allen "F" Calton
Defendant : David G. Gutierrez, James La Favers, Carmella Jones,
Ed Robertson, D'Wayne Jernigan, Brian Long and Linda Moling

(3) Court : U.S. District Court western District of Texas - Austin Division

(4) Name of Judge : Lee Yeakel

(5) Disposition : Plaintiff moved to voluntary Dismiss F.R.C.P. 41

(6) Docket Number : Civil Action NO. 1:21-CV-846-LY

(7) Approximate Date of Disposition : November 4, 2021

Section 1983 Complaint page 15 of 27

II.   PLACE OF PRESENT CONFINEMENT: Connally Unit
899 FM 632
Kenedy, TX. 78119

III.   EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?   N/A   ___YES ___NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV.   PARTIES TO THIS SUIT:

A. Name and address of plaintiff: Allen "F" Calton #1123880
Connally Unit
899 FM 632
Kenedy, TX. 78119

B. Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: Sharen Wilson - District Attorney Of Tarrant County
401 W. Belknap St
Fortworth, TX. 76196

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Failed to turn over exculpatory information obtained on 11-14-19

Defendant #2: Amy Byrum - Assistant District Attorney Tarrant County
401 W. Belknap St.
Fortworth, TX. 76196

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Failed to turn over exculpatory information obtained on 11-14-19

Defendant #3: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #4: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #5: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

V.   STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

See attached pages

VI.   RELIEF:

State briefly exactly what you want the court to do for you.   Make no legal arguments.   Cite no cases or statutes.

See attached pages

VII.   GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

Allen Fitzgerald Calton   Allen Fitzgerald Calton   Allen "F" Calton

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

#420380   #484586   #1123880

VIII.   SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed?   ✓ YES _____ NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (if federal, give the district and division): See pages 27

2. Case number: _____

3. Approximate date sanctions were imposed: _____

4. Have the sanctions been lifted or otherwise satisfied?   ✓ YES _____ NO

Rev. 05/15

4

Section 1983 Complaint page 17 of 27

## I   Statement Of Claim

### (A) Facts Establishing Constitution Violation By Defendants Sued Herein

(1) In August of 2019 Deadrian Tutt submitted a thirty-one page application on behalf of Allen "F" Calton, the Plaintiff herein [Hereafter referred to as Calton]. To the Conviction Integrity Unit Of The Tarrant County District Attorney Office [Hereafter refered to as C.I.U.]

(2) Said application was submitted to initiate an investigation with the C.I.U. to determine the correctness of Calton's conviction in light of a police officer's acts and/or omissions employed by the City of Garland, Texas namely Michael G. Clark #2769. In particular officer Clark's #2769 failure to produce a "Butcher Knife" the instrumentality of Calton's self-defense theory at trial as subpoena compelled to do so.

(3) The C.I.U. completed its thorough examination of Calton's case under the applicable legal standards on 11-14-19. See Exhibit "A" page 1 of 1 hereto attached and incorporated. For the letter dated 11-14-19 signed by Assistant district attorney Amy Byrum establishing the same.

(4) It is undisputed that officer Clark did take care, custody and control of the "Butcher Knife" in question by checking it out from the Garland P.D. evidence room on 5-17-04 for Calton's Trial. See Exhibit "B" page 1 of 2 and 2 of 2 hereto attached and incorporated establish the

## I   Statement Of Claim

same. However Calton did not become aware of this fact until (14) years after his trial when Deadrian Tutt submitted an open records request to Garland P.O. on 7-16-18. That was responded to by Garland P.O. record/ evidence custodian Shelli Pryor #5333 on 7-20-18, See Exhibit "B" pages 1of2 and 2of2 hereto attached and incorporated establishing the same.

(5) Calton subsequently personally received a copy of Exhibit "B", supra page 2of2 in August of 2018.

(6) As Exhibit "B", supra, at page 2of2 establishes police office Clark #2769 alleged to Garland P.O. evidence room personnel on 5-17-04 that he needed to produce the "Butcher Knife" for a trial proceeding in response to a subpoena. See Exhibit "C" pages 1of3, 2of3 and 3of3 hereto attached and incorporated.

(7)   Exhibit "B", supra at page 2of2 additionally establishes officer Clark #2769 checked the "Butcher Knife" "Out To Court at 8:35 A.M. on 5-17-04 the second monday of Calton's two week trial. See Id.

(8) Officer Clark over five (5) months later checked the "Butcher Knife" back into the Garland P.O. evidence room "In From Court" on 10-26-04 at 15:43 P.M that afternoon. See Exhibit "B" supra at page 2of2

(9) Although Officer Clark #2769 checked the "Butcher Knife" out of the Garland P.O. evidence room on 5-17-04 "Out

## II   Statement Of Claim

For Court" and checked the "Butcher Knife" back into the Garland P.D. evidence room over (5) five months later on 10-26-04 "In From Court". See Exhibit "B", supra page 2 of 2

(10) The "Butcher Knife" had never been produced at Colton's trial at any time during Colton's two week trial occurring from 5-10-04 thru 5-20-04. At least the "Butcher Knife was not produced in court or at trial to the extent that Colton was made aware of officer Clark's # 2769 production of the "Butcher Knife" at open court during trial. The court should take judicial notice that Colton proceeded pro se at trial at all relevant times. Without any assistance or any involvement of any attorney whatsoever to assist in his defense.

(11) Exhibit "B", supra page 2 of 2 suggests that officer Clark # 2769 produced the "Butcher Knife" to a court officer court personnel, Judge Robert "Bill" Gill, or one of the assistant district attorneys at trial namely David Hagerman and Charles Bradenberg. Since the "Butcher Knife" was checked out of the Garland P.D. evidence room "Out For Court" and checked back into the Garland P.D. evidence room "In From Court". See Id.

(12) Whichever state court personnel or state's attorney or the Judge himself after all he's the court. Who officer Clark # 2769 produced the "Butcher Knife" to on 5-17-04. That or those individuals suppressed the "Butcher Knife" during Colton's trial and Colton was never made aware the "Butcher Knife" was ever produced at trial by officer

Section 1983 Complaint page 20 of 27

## Ⅴ   Statement Of Claim

Clark # 2769 at any time during Calton's trial.

(13) Sharen Wilson and Amy Byrum no doubt have this infor-
mation in their offices possession or personal Knowledge
respectively. In light of thorough investigation concerning
the matter of the whereabouts of the "Butcher Knife" from
5-17-04 thru 10-26-04. That was conducted by the C.I.U.
in particular Amy Byrum. See Exhibit "A", supra page 1 of 1.
However Sharen Wilson and Amy Byrum have not re-
vealed and refuse to reveal this exculpatory information
to Calton i.e. information establishing who suppressed the
"Butcher Knife"

(14) Despite the fact that Calton has requested this in-
formation via two open records request submitted to
Sharen Wilson personally and to the C.I.U. attention
Amy Byrum on 7-11-22 respectively. They were denied due to
Calton's incarceration status and information was allegedly excepted from release.

(15) Calton has also filed grievances with the State Bar
of Texas against Sharen Wilson and Amy Byrum concerning their
failure to put Calton on notice of this exculpatory informa-
tion in their offices possession or personally known to them.

(16). The State Bar Grievances Calton filed against Sharen Wilson
and Amy Byrum concerning the matter of the " Butcher
Knife" and Calton's unawareness of the individual who
suppressed it doing his trial. Were forwarded to each
of them by the State Bar of Texas. So they both are

Section 1983 Complaint   page 21 of 27

## II    Statement Of Claim

aware of the exculpatory information Calton seeks that's in their offices possession or personal knowledge for which they refuse to reveal without court intervention

## Causes Of Action

Calton incorporates the above paragraphs by reference and adopt the same as if fully set forth here for the above named defendants acts and/or omissions described above in reference to the below counts

## Count one

Sharen Wilson the district attorney of Tarrant County, Texas refuses to turn over exculpatory information in her office's possession. In violation of her continuing duty to put the defense on notice of exculpatory information that her office becomes aware of after trial and conviction. In turn violating Calton's right to due process of law by arbitrarily denying Calton exculpatory information in her office's possession. In violation of the 14th amendment and clearly established law.

## Count Two

Amy Byrun an assistant district attorney of the Tarrant County, Texas district attorney office refuses to turn over exculpatory information she's personally aware of after conducting her thorough investigation concluded on 11-14-19. In violation of her continuing duty to put the defense

Section 1983 Complaint page 22 of 27.

## VI   Relief

at, near, or in the 213 Th Judicial Trial Courtroom. After officer Clark # 2769 checked the "Butcher Knife" out of the Garland P.D. evidence room "Out For Court". The Defendants should further make Known to Plaintiff who [specifically identify this or those individuals by name, official title and official position] Police Officer Clark # 2769 retrieved the "Butcher Knife" from on 10-26-04 before officer Clark #2769 checked the "Butcher Knife" back into the Garland P.D. evidence room that day "In From Court".

## Injunctive Relief

Enter an Injunction ordering Sharen wilson and Amy Byrun to provide Plaintiff the exculpatory information in their offices possession or within their personal knowledge obtained by them after trial and conviction. Said Injunction order should direct and compel defendants make known to Plaintiff who [specifically identify this or those individuals by name, official title and official position] Police Officer Clark# 2769 relinquished the "Butcher Knife" to on 5-17-04 at, near, or in the 213 Th Judicial Trial Courtroom. After officer Clark # 2769 checked the "Butcher Knife" out of the Garland P.D. evidence room "Out For Court". The Defendants should further be directed

Section 1983 Complaint Page 24 of 27

## VII   Relief

and compelled to make known to Plaintiff who [specifically identify this or those individuals by name official title and official position] Police officer Clark #2769 retrieved the "Butcher Knife" from on 10-26-04 before Officer Clark #2769 checked the "Butcher Knife" back into the Garland P.D. evidence room that day "In From Court"

### Mandamus Relief

Enter a mandamus order ordering Sharen Wilson and Amy Byrum to provide Plaintiff the exculpatory information in their offices possession or within their personal knowledge obtained by them after trial and conviction. Said mandamus order should direct and compel defendants make known to Plaintiff who [specifically identify this or those individuals by name, official title and official position] Police officer #2769 relinquished the "Butcher Knife" to on 5-17-04 at, near, or in the 213Th Judicial Trial Courtroom. After officer Clark #2769 checked the "Butcher Knife" out of the Garland P.D. evidence room "Out For Court". The Defendants should further be directed and compelled to make known to Plaintiff who [specifically identify this or those individuals by name, official title, and official position] Police officer Clark #2769 retrieved the "Butcher Knife" from on 10-26-04 before officer Clark #2769 checked the "Butcher Knife" back into the Garland P.D. evidence room that day "In From Court"

C. Has any court ever warned or notified you that sanctions could be imposed?        ✓ YES ___ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

1. Court that issued warning (if federal, give the district and division): _See attached sheets_

2. Case number: _____

3. Approximate date warning was issued: _____

Executed on: _8-10-22_
              DATE

                                    _Allen "F" Calton_
                                    _Allen "F" Calton_
                                    (Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this _10th_ day of _August_, 20 _22_.
            (Day)              (month)            (year)

                                    _Allen "F" Calton_
                                    _Allen "F" Calton_
                                    (Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

Rev. 05/15

Section 1983 Complaint page 26 of 27

## Courts That Warned That Sanction Could Be Imposed

### #1

(1) Court that imposed warning of sanctions: U.S. District Court, Northern District Of Texas, Fort worth Division

(2) Case Number: 4:13-CV-885

(3) Approximate date warning were imposed: Fall of 2013

### #2

(1) Court that imposed warning of sanctions: U.S. Court of Appeals, Fifth Circuit

(2) Case Number: U.SCA. No, 19-11206

(3) Approximate date warning were imposed: 11-26-19

## Courts That Imposed Sanctions

### #1

(1) Sanction imposed by: U.S. District Court, Northern District Of Texas, Fort worth Division

(2) Case Number: 4:14-CV-139

(3) Approximate date of sanction: Spring of 2014

(4) $100.00  Sanction was paid in 2017

### #2

(1) Sanction imposed by: U.S. Court Of Appeals, Fifth Circuit

(2) Case Number: No, 21-10295

(3) Approximate date Of Sanction: 4-26-21

(4) $100.00 Sanction was paid Summer 2021

Section 1983 Complaint page 27 of 27



**SHAREN WILSON**

Criminal District Attorney

Tarrant County

November 14, 2019

Allen F. Calton
TDCJ-ID#: 00112380
Stiles Unit
3060 FM 3514
Beaumont, Texas 77705

Re: Calton, Allen F. – Case No.: 0843168

Mr. Calton,

The Conviction Integrity Unit has conducted a thorough examination of your case under the applicable legal standards. We have concluded that no further action is needed at this time and we will be closing our review.

Sincerely,

Sharen Wilson
Criminal District Attorney
Tarrant County, Texas

Amy Byrum
Assistant Criminal District Attorney
Conviction Integrity Unit

Exhibit "A" page 1 of 1

---

401 West Belknap   •   Fort Worth, Texas 76196   •   817.884.1400   •   cda.tarrantcounty.com

7-16-2018
Date



City Of Garland, Texas

---

Re: Open Records Request

    Pursuant to Chapter 552 of the Texas Government Code, Tex. Gov. Code

Ann § 552.001, et SEQ, the Public Information Act, I request a copy of any and

all Public Records related to: A knife seized on 4-24-02 as evidence for

ORI #TX0571100 Case #2002RO11507. Specifically I'm requesting information con-

tained in the propery/evidence room log book memorializing the date, time,

and individuals name who checked said knife out of the Garland P.D. property/

evidence room in May of 2004 and February of 2005.

    Pursuant to Chapter 552 I request that you provide a copy of the same or

sufficient documentation to satisfy the request made herein to me no later than

the statutory time period under the law. Further if there is a request for

Attorney General Decision pursuant to Tex. Gov. Code Ann. § 552.301. Please

ensure that I receive by no later than the 10th business day after the date

receiving my request all the information required to be submitted to me under

§ 552.301 (d)(1)-(2). By mailing the same to me at the below address.

                      Sincerely,

                      Deadrian Tutt
                      Deadrian Tutt

Contact Information

Deadrian Tutt
6236 Jennie Drive
Fort Worth, Texas 76133
D- 817-729-8077
    Cell Phone Number

Home- 817-521-7769

                  Exhibit "B" page 1 of 2

# Case Items - Chain of Custody Advanced

## Garland Police Department

07/20/2018 09:31:09

User: PRYORS

Case ID: 2002R011507
Property ID: 2198655
Voucher:
Case Officer: (4354) BURLESON, B D
Owner:

Case Sequence #:
1st Offense: EVADING ARREST OR DETENTION-VEH
Property Description: BUTCHER KNIFE
Quantity: 1

Seize Officer:

Serial No:

| Date / User | Transaction | Detail | Notes |
|---|---|---|---|
| 11/17/2004 08:35:53 GODWINR | C OUT TO COURT | Released by; (3501) GODWIN, R C<br>Released to; (2769) CLARK, M G | |
| 11/26/2004 15:43:07 PRYORS | C IN FROM COURT | Returned by; (2769) CLARK, M G<br>Returned to; (3026) GODWIN, C A | *wrong Godwin entered, should be 3501 RC Godwin* forgot |
| 07/17/2005 16:20:06 PRYORS | C OUT TO INVESTIGATIONS | Released by; (5333) PRYOR, S<br>Released to; (2578) VAN CLEAVE, C G | |
| 08/26/2008 14:27:19 JAMESL | C DISP | | |

*Exhibit "B" page 2 of 2*

IN THE _Criminal_ DISTRICT COURT _213TH_ OF TARRANT COUNTY, TEXAS

OFFENSE: _Criminal Attempted Murder_

NO. _0843168_ THE STATE OF TEXAS VS. _Allen F. Calton_

## APPLICATION FOR SUBPOENA

TO THE CLERK OF THE DISTRICT COURTS OF TARRANT COUNTY, TEXAS:

You will please issue subpoena in accordance with law in the above numbered and entitled cause for the following witnesses, whose testimony is material to the State or the Defense,

| NAME OF WITNESS | VOCATION, ADDRESS AND TELEPHONE NUMBER | COUNTY |
|---|---|---|

_Garland Police Dept Evidence Custodian_

FILED
THOMAS A. WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

MAY 1 3 2004

Time _____ 2:00PM
By _____ Deputy

Duces Tecum

_Knife recovered from 1986 Olds Cutlass_
_Tx License Plate PBG-831K on April 23, 2002_
_Driven by Allen Calton D.O.B. 10-2-67_

THESE WITNESSES ARE TO PERSONALLY APPEAR ON THE _instanter_ DAY OF _____

A.D. _2004_, AT _____ O'CLOCK _____ M. AT THE _____ DISTRICT

COURT NO. _____ COURTROOM IN THE TARRANT COUNTY COURTHOUSE IN FORT WORTH, TEXAS.

_Allen Calton_

ATTORNEY FOR ~~STATE~~, DEFENDANT

PHONE NUMBER _____

Issued _13_ day of _May_ _200 4_ by _____

Signature of person serving subpoena if other than officer of the State

_Exhibit "C" page 1 of 3_

Garland Evidence
(Custodian)

BOBBY PARKS

CASE NO. 0845163D

213TH DISTRICT COURT

# SUBPOENA

Felony

THE STATE OF TEXAS

VS.

ALLEN F. CALTON

Attorney

Attorney Phone No.

---

## AFFIDAVIT OF INABILITY TO APPEAR FOR LACK OF FUNDS
(For out-of-county witness only) C.C.P. 24.18

The undersigned witness named in the above subpoena hereby acknowledges delivery of a copy of the above subpoena in _____ County, Texas, and makes this affidavit that the undersigned is unable from the lack of funds to appear in obedience to said subpoena, and that the said individual is not a legal resident of Tarrant County, Texas.                Date: _____

                                                                Place: _____

                                                                _____
                                                                Signature of Witness

Sworn to and subscribed before me this _____ day of _____ to certify which witness my hand and seal of office.

State of Texas
County of _____

                                                                _____
                                                                Notary Public in and for the State of Texas

## CERTIFICATE OF OFFICER FURNISHING FUNDS

I, _____, certify that I am the officer who served the above subpoena, and that after the witness, _____, made the above affidavit of inability to appear for lack of funds, I furnished the said witness the sum of _____ and took receipt therefor, for which sum I claim reimbursement together with my fees for executing this subpoena.

                                                                Date: _____

                                                                Place: _____

                                                                _____
                                                                Signature of Witness

Sworn to and subscribed before me this _____ day of _____ to certify which witness my hand and seal of office.

State of Texas
County of _____

                                                                _____
                                                                Notary Public in and for the State of Texas

## RECEIPT OF WITNESS

On this day I received the sum of $ _____ from _____ to enable me to appear in obedience to the above subpoena.

                                                                _____
                                                                Signature of Witness

Exhibit "C"   page 2 of 3

THE STATE OF TEXAS

## SUBPOENA

DATE OF ISSUE: May 13, 2004

TO ANY SHERIFF OR ANY PROPER PERSON AUTHORIZED BY THE STATE OF TEXAS, GREETINGS:

You are hereby commanded to summon the hereinafter named person or persons to be and personally appear before the below named court of Tarrant County, Texas, at the Tarrant County Justice Center of said County, in the City of Fort Worth, at the below shown date and time, then and there to testify on behalf of the below shown party in the styled and numbered action shown below pending in said Court, and there remain from day to day and from term to term until discharged by said Court.

CASE NO. 0843168D

| THE STATE OF TEXAS | § | IN THE 213TH |
| | § | |
| VS. | § | DISTRICT COURT OF |
| | § | |
| ALLEN F. CALTON | § | TARRANT COUNTY, TEXAS |

And the said witness is further directed to bring with him and produce in Court the following instrument or instruments in writing or other thing desired as evidence: KNIFE RECOVERED FROM 1986 OLDS CUTLASS TX LICENSE PLATE PBG-83K ON APRIL 23, 2002 DRIVEN BY ALLEN CALTON D.O.B. 10-2-67.

To appear as a Witness for the DEFENSE. Witness is to appear on INSTANTER.

GARLAND POLICE DEPT
EVIDENCE CUSTODIAN

HEREIN FAIL NOT, but of this subpoena make due return, showing how you have executed the same.

A disobedience of this subpoena is punishable by fine not exceeding five hundred dollars, to be collected as fines and costs in other criminal cases.

THOMAS A. WILDER
District Clerk
Tarrant County, Texas

By: _____
Deputy

(Felony cases. To be read to witness if served in Tarrant County and to be executed by delivering a copy to each witness named outside of Tarrant County. May also be used for duces tecum.)

## OFFICER'S RETURN

CAME TO HAND on the 17th day of May, 2004, and executed by reading the within subpoena to and within the hearing of the witnesses, summoned in Tarrant County, and by delivering a true copy of this Writ to the within named witnesses summoned outside of Tarrant County, or by Duces Tecum, on the dates and at the places hereinafter set forth as follows:

| NAME | ADDRESS | Date Summoned | Time Summoned | Mileage | Total Fees |
|------|---------|---------------|---------------|---------|------------|
| Bobbie Parks | 1891 forur Lane Garland | 5-14-04 | 1050 | | |
| | | | | | |
| | | | | | |

The following named witnesses not summoned for the reasons set opposite their names in accordance with Art. 24.04 C.C.P.

_____

_____

_____ Tarrant County, Texas

By Jeff Bush Deputy

FILED
THOMAS A. WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

MAY 14 2004

Time _____
By _____ Deputy

Exhibit "C" page 3 of 3

Original

4-22CV-710-P

Clerk,                                                          8-10-22

Re: Allen "F" Calton v Sharen Wilson, etal
    42 U.S.C. §1983 Civil Rights Lawsuit

    Please find enclosed a money order in the
amount of $402.00 and the original, a copy and
a face page of:

(1) Plaintiff's Original Section 1983 Civil Rights Complaint

(2) Memorandum Of Law In Support Of Section 1983 Complaint

    Please file the original of the same with the
papers of the court that will be in reference to the
above styled cause. Also file mark the face pages of the
same and the extra copy of this cover letter also enclosed.
To establish your receipt of the above. Finally please
apply the Civil Action number assigned to this lawsuit.
To permit plaintiff to make future inquiries. Forward
the file mark face pages or copies to plaintiff in
the S.A.S.E. also enclosed.

Allen "F" Calton # 1123880                    Thank You,
Connally Unit                                 Allen "F" Calton
899 FM 632
Kenedy, Tx. 78119

$402.00. U.S. Postal
Money Order Enclosed.

$402.00 money order
Enclosed



Allen "F" Calton  U23880
Connally Unit
899 FM 632
Kenedy, TX. 78119

7020 2450 0000 5933 9531

U.S. POSTAGE PAID
KENEDY, TX
AUG 10 '22
**$0.00**
R2308Y158259-7
1004    78102

RECEIVED
AUG 1 8 2022
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

U.S. District Court.
Office of the Clerk
501 W. Tenth St.
Fort Worth, TX. 76102

400196